REID, MURDOCH & COMPANY v. ORLO R. JOHNSON.

*Fraudulent purchase—Replevin—Notice—Evidence.*

Plaintiffs brought replevin for goods sold to a merchant by the name of Richards, who, soon after their purchase, exchanged his stock of goods and business with the defendant for a farm in Kansas, plaintiffs claiming that Richards purchased the goods without intending to pay for them. On the trial plaintiffs sought to show by the cashier of a bank in the village where Richards kept his store that, 14 days after the purchase

of the last bill of goods from plaintiffs, and shortly before Richards exchanged his stock for the farm, an account was opened at the bank in the name of R. Richards & Co.; that no such partnership was in fact entered into; and that defendant checked out this account. Plaintiffs further offered to show that Richards, during the month preceding the sale to the defendant, and prior to purchasing the last bill of goods from plaintiffs, advertised his stock of goods for sale, not in his own name, but by reference to the number of a certain post-office box; plaintiffs' theory being that the advertisement and the alleged partnership arrangement were a scheme entered into between Richards and the defendant for the purpose of preventing creditors from obtaining any knowledge of the proposed deal until it was accomplished. And it is held that the evidence was competent as a link in the chain of testimony to establish the alleged fraudulent purchase, and to charge defendant with notice thereof.

Error to Allegan. (Padgham, J.) Submitted on briefs April 27, 1894. Decided May 22, 1894.

Replevin. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Williams, Williams & Butler,* for appellants.

*Hannibal Hart,* for defendant.

GRANT, J. On November 9, 1892, and December 6, following, plaintiffs, through their salesman, sold two bills of goods to one Richards, a merchant doing business in Allegan, the total amount of such sales being $126.06. Some time in December following the last sale (but the precise day does not appear) Richards sold his stock of goods and business to defendant, in exchange for a farm in Kansas. December 31 plaintiffs' agent went to Allegan, and finding that Richards had gone, and Johnson refusing to pay the bill, sued out the writ of replevin in this case, upon which the goods were taken. The goods were sold on four months' time. Plaintiffs' theory was that Richards fraudulently purchased the goods without intending to pay for them;

that, in consequence thereof, the title did not pass; that defendant was not a *bona fide* purchaser, but purchased with knowledge of facts sufficient to put him on inquiry. The court directed a verdict for the defendant. The direction was right, and the judgment should stand, provided no error was committed in the rejection of testimony, for there was no evidence to show that defendant did not pay value, or that he purchased with any knowledge of fraud on the part of Richards.

We think the court committed one error for which the case must be reversed. Plaintiffs sought to show by the cashier of a bank that on December 20, 1892, an account was opened with the bank in the name of R. Richards & Co.; that no partnership was in fact entered into; and that defendant checked out this account. The court refused to permit the inquiry to go any further than to state that such an account was opened December 20. Plaintiffs also offered evidence tending to show that Richards, in November, advertised this stock of goods for sale, not in his own name, but by reference to the number of a certain post-office box. The theory of the plaintiffs was that the advertisement and the alleged partnership arrangement were a scheme entered into between Richards and Johnson for the purpose of preventing creditors from obtaining any knowledge of the proposed deal until it was accomplished. We think the court should have admitted the evidence. It might not, of itself, have been sufficient to connect Johnson with the fraud of Richards, but may have been a competent link in the chain of testimony to establish such connection.

Judgment reversed, and a new trial ordered.

The other Justices concurred.